UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER LEE JONES, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-2032 |
| VERMILION COUNTY JAIL, et al. | ) |
| Defendants. | ) |

**OPINION**

On May 13, 2015, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. The Court assumes familiarity with that order. By August 10, 2015, Plaintiff had not filed an amended complaint, though he was given an extension to do so, and this case was dismissed for failure to state a claim.

Now before the Court is Plaintiff's motion to alter or amend the judgment. Plaintiff asserts that he was taken for emergency surgery for hemorrhoids shortly before his amended complaint was due, and he could not retrieve his legal documents during his

recovery. He attaches documentation of a consult with a surgeon in June 2015 and a "medical lay-in" from August 4, 2015, to August 25, 2015.

The Court concludes that Plaintiff has demonstrated good cause for not timely filing his amended complaint. However, Plaintiff's proposed amended complaint suffers from the same problems as his original complaint. Plaintiff names fourteen defendants and sets forth allegations which span over 122 pages of problems he experienced during his incarceration in the Vermilion County Jail in 2011 and 2013. These allegations include the Jail's violation of county jail standards, the Jail's high prices for individual Little Debbie snacks, a laundry list of conclusory allegations of substandard conditions, an alleged lack of access to the courts, and a lack of medical treatment for a long list of medical conditions, including diabetes, heart disease, dermatitis, rectal bleeding, and tooth decay. He also appears to challenge his prosecution in a criminal case in Vermilion County, 13-CF-45, and various infirmities in those proceedings.

Plaintiff does state possible claims regarding his alleged lack of medical and dental care at the Vermilion County Jail. Plaintiff

describes some conditions that are serious or could be serious—diabetes and rectal bleeding, for example. Plaintiff alleges that he repeatedly asked for and was denied treatment for these conditions.[1]

The medical and dental claims will proceed only against the defendants with medical training because the defendants without medical training are generally entitled to rely on the medical professionals to diagnose and treat an inmate's medical needs. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts… a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). The defendants with medical training are Nurse Lynn Galloway, Nurse Hardy, medical intern Rachel Walker, and medical intern K. Rodemaker.

None of the other allegations in the complaint are properly joined against the medical defendants. Fed. R. Civ. P. 18, 20. The Court will not conduct a merit review of these improperly joined claims until Plaintiff files a new lawsuit and a new filing fee is

---

[1] Plaintiff's claims about his medical and dental treatment at the Jail in 2011 may be barred by the two-year statute of limitations, but that decision will be made upon proper motion. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

assessed pursuant to 28 U.S.C. § 1915(b).  An opportunity to file an amended complaint is not an opportunity to lump with one good claim every other adverse event, related or not, frivolous or not, in order to obtain a legal analysis without risking a strike. Kadamovas v. Stevens, 706 F.3d 843 (7th Cir. 2013)(court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'")(quoted cite omitted); Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .").

**IT IS ORDERED:**

(1)   Plaintiff's motion to alter judgment is granted (13).

(2)   The clerk is directed to vacate the 8/10/15 judgment and to re-open this case.

(3)   The clerk is directed to docket Plaintiff's proposed amended complaint as an amended complaint.

(4)     Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical and dental needs during his incarceration in the Vermilion County Jail.  This case proceeds solely on the medical and dental claims.

(5)     Plaintiff's other claims are improperly joined with the medical and dental claims.  If Plaintiff wishes to pursue any of the improperly joined claims, he must file a motion to sever by January 11, 2016, along with a proposed complaint setting forth the properly joined claims he seeks to pursue, and a petition to proceed in forma pauperis.  A new case will be opened, and the proposed amended complaint will be filed in the new case; the filing fee will be assessed; and, a merit review will be conducted of the properly joined claims in the new case.  Plaintiff will incur a strike if his new case is dismissed for failure to state a claim.

(6)     If Plaintiff does not file a motion to sever and a proposed new complaint or complaints, then all of Plaintiff's claims, except for the medical and dental claims, will be dismissed, without prejudice.  Dismissal without prejudice typically means that a

plaintiff is free to file the claims again.  However, the statute of limitations may bar the refiling.

(7)    This case is now in the process of service.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

(8)    The Court will attempt service on the remaining Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

(9)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

(10)  Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

(11)  This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

(12)  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

(13)  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

(14)  If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(15)  Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

(16)  **The clerk is directed to attempt service of the amended complaint on Defendants Galloway, Hardy, Walker, and Rodemaker pursuant to the standard procedures.**

(17)  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

(18)  **Plaintiff's motion for copies of the medical records he attached to his motion to alter judgment is denied (15), with leave to renew upon paying 10 cents per page for those copies (50 cents for the five pages).**

(19)  **Plaintiff's motion for counsel are denied (16, 17), with leave to renew upon a more developed factual record.  A more developed factual record is needed for the Court to determine how complex the medical and dental claims will be.  If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of**

prison, any classes he has taken in prison, and any prior litigation experience he has.

ENTERED:  December 17, 2015

FOR THE COURT:

<u>  s/Sue E. Myerscough  </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
